U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 NOV -6 P 4: 20

CLERK

BY ______ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

SATISH DAT BEAST, A/K/A GO GO SATISH (FORMER PRESIDENT AND CEO OF ALEX GARCIA ENTERPRISES, INC. (AGE) AS A STARTUP RECORD LABEL WITH ITS PRINCIPAL PLACE OF BUSINESS (PPB) IN PROVIDENCE, RHODE ISLAND UPON THE 2013 FILING OF ARTICLES OF INCORPORATION WITH RHODE ISLAND SECRETARY OF STATE A. RALPH MOLLIS DECLARING 20,000 SHARES OF COMMON STOCK AT $10.00 PAR VALUE WHICH HAD A STATED CAPITAL IF AND ONLY IF (IFF) THERE WAS THE ISSUANCE AND SUBSCRIPTION OF STOCK IN OVER-THE-COUNTER MARKETS (OTC) REGULATED BY STATE BLUE SKY LAWS AND UNIFORM SECURITIES ACT OF 1956,

Plaintiff,

v.

SABRINA CARPENTER AS GRAMMY-AWARD WINNING RECORDING ARTIST, THE GRAMMYS/RECORDING ACADEMY, JUSTICE KETANJI BROWN-JACKSON, AND LADY GAGA,

Defendants.

Case No. 2:26-cv-00206

**OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING PROPOSED COMPLAINT WITH PREJUDICE**
(Docs. 1, 1-1, & 3)

This matter came before the court for a review of the Magistrate Judge's August 31, 2026 Report and Recommendation ("R & R") (Doc. 3), in which the Magistrate Judge recommended that the court deny self-represented Plaintiff Ronald Satish Emrit's

motion to proceed *in forma pauperis* ("IFP") (Doc. 1) and dismiss the proposed Complaint with prejudice (Doc. 1-1). Objections to the R & R were due on September 17, 2026. No objections were filed, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his five-page R & R, the Magistrate Judge carefully analyzed Plaintiff's financial affidavit and recommended that the court deny the motion to proceed IFP because "Plaintiff has regular disability income, a monthly surplus of almost $250, and is owed money sufficient to pay the filing fee[.]" (Doc. 3 at 2.) The Magistrate Judge correctly concluded that paying the filing fee would not deprive Plaintiff of the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The court agrees.

The Magistrate Judge proceeded to review the proposed Complaint under 28 U.S.C. § 1915(e)(2)(B) and observed that Plaintiff is a "serial filer" of frivolous lawsuits in courts across the country as well as in the District of Vermont. (Doc. 3 at 3) (internal quotation marks omitted). The Magistrate Judge listed six of Plaintiff's previous cases in the District of Vermont, all of which were dismissed for failure to state a claim for which relief may be granted.[1] *See* Fed. R. Civ. P. 12(b)(6).

[1] Pursuant to Fed. R. Evid. 201(b), the court takes judicial notice of Plaintiff's docket sheets in his previously filed cases. *See id.* ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (explaining "docket sheets are public records of which [a] court [can] take judicial

The Magistrate Judge concluded that the proposed Complaint is frivolous, "irrational[,]" and "wholly incredible," as it alleges venue is proper in the Districts of New Jersey and Connecticut, seeks to allege a defamation claim against Sabrina Carpenter and Lady Gaga for statements they purportedly made about President Donald Trump, contends the Grammys are a nuisance and are "committing industrial espionage[,]" seeks five hundred billion dollars in damages, and requests injunctions and declarations related to advertising about Plaintiff and alleged violations of antitrust laws. (Doc. 3 at 3-4) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (internal quotation marks omitted). No party has raised an objection to these conclusions, which the court adopts in their entirety.

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Courts have the authority to dismiss an action without leave to amend in "extraordinary circumstances, such as where . . . the substance of the claim pleaded is frivolous on its face[.]" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's claims are frivolous, the court concludes that dismissal without leave to amend is appropriate.

In light of the history of his litigation in this court and across the country, as well as the May 3, 2018 filing injunction warning Plaintiff received in Case No. 5:17-cv-00204, Plaintiff is again warned that future frivolous filings in this District may result in a filing injunction. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (cautioning

---

notice"). The court notes that in Case No. 5:17-cv-00204, Plaintiff was "warned that continued abusive filing in the District of Vermont will result in the imposition of a pre-filing screening order or other appropriate sanctions." (Doc. 7 at 5.)

that a court "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard[]").

## CONCLUSION

For the foregoing reasons, the court ADOPTS the Magistrate Judge's R & R (Doc. 3), DENIES Plaintiff's motion to proceed IFP (Doc. 1), and DISMISSES WITH PREJUDICE Plaintiff's proposed Complaint (Doc. 1-1).

Pursuant to 28 U.S.C. § 1915(a)(3), the court DENIES Plaintiff a certificate of appealability in this matter because Plaintiff has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of November, 2026.

Christina Reiss, Chief Judge
United States District Court